AMERICAN IMPORT CO. *v.* UNITED STATES

No. 5933.—Invoices dated Moji, Japan, March 17, 1938, etc.
    Certified March 18, 1938, etc.
    Entered at San Francisco, April 14, 1938, etc.
    Entry No. 10786, etc.

(Decided September 21, 1943)

*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for the plaintiff.
*Paul P. Rao,* Assistant Attorney General (*William J. Vitale,* special attorney), for the defendant.

CLINE, Judge: Four appeals for reappraisement relating to the value of bamboo rakes imported from Japan were consolidated for trial. Three of the importations were shipped by Tsuchiya Bussan Co. of Moji, Japan, and the fourth was shipped by Inouye Bussan Co. of the same city. The invoices in reappraisements 130746–A, 130747–A, and 131055–A were consulated at Kobe in March, April, and May, 1938, while that in 139358–A was consulated at Nagasaki on October 28, 1940.

The controversy arises over the addition made by the plaintiff on entry of 4 sen per cubic foot in each case for estimated inland freight charges from Moji to Kobe to meet advances made by the appraiser on entries 2029, of September 7, 1938, and 3253 of October 27, 1939. The plaintiff contends that as the merchandise originated at and was sold in Moji and was shipped from that port destined to the United States and as Moji is a principal market in Japan for bamboo rakes, the estimated freight charges from Moji to Kobe are not part of the dutiable value of the goods.

At the trial the plaintiff called Mr. Edward H. Weber, the customs examiner who examined the merchandise. He testified that the question regarding the addition of the charges for inland freight in the instant cases is the same as that involved in *United States* v. *American Import Co.,* Reap. Dec. 5642, except that the merchandise covered by reappraisements 131055–A, 130746–A, and 130747–A was exported from the port of Kobe, but the shipments originated or were purchased at Moji. The record in the case cited was offered and received in evidence. Subsequently, it was stipulated that the facts in reappraise-

ment 139358–A are the same as in the other three appeals and the record in *United States* v. *American Import Co., supra,* was also incorporated in that case.

The rakes covered by the incorporated record were exported by vessel directly from Moji while in the instant cases the importations were shipped through Kobe. The invoice covered by reappraisement 139358–A was consulated at Nagasaki but the invoice shows that the shipment was made from Moji on the vessel *Yasukuni Maru* and was transferred to the vessel *Hie Maru* at Kobe.

In the incorporated case the court found that both Moji and Kobe were principal markets for the goods; that bamboo rakes were manufactured and sold in Kobe but four out of the five qualities involved were not sold in Kobe. It was held that the estimated freight charges from Moji to Kobe were not a part of the export values of the rakes, since Moji was the principal market for those involved. The same conclusion is applicable in the instant cases. The rakes originated and were sold in Moji, which is one of the principal markets for such goods, and when shipped from that port they were destined for the United States. I find that the Moji values of the rakes are the export values thereof, even if the invoices were consulated in Kobe and Nagasaki. I find also that there is no foreign value for the rakes involved in these cases and hold that they are dutiable at the export values thereof, which are the entered values less any additions made by the importer on entry to meet advances made by the appraiser in similar entries.

Judgment will be entered in favor of the plaintiff.